129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Alberto SILVA, Defendant-Appellant.
 No. 95-50546.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Filed Oct. 23, 1997.
 
 Appeal from the United States District Court for the Central District of California; Gary L. Taylor, District Judge, Presiding.
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jorge Alberto Silva appeals his conviction and the sentence imposed for conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Silva contends that the district court plainly erred by admitting into evidence Silva's exculpatory testimony offered in his first trial and Silva's post-arrest statement to impeach the prior testimony because Silva chose not to testify at the second trial. This contention lacks merit.
 
 
 4
 Although Silva chose not to testify at his second trial, the district court's admission of his prior trial testimony as part of his codefendant's defense did not violate his Fifth Amendment right against self-incrimination because Silva voluntarily chose to testify at his first trial. See United States v. Jenkins, 785 F.2d 1387, 1393 (9th Cir.1986); United States v. Swacker, 628 F.2d 1250, 1252 (9th Cir.1980). Also, because Silva's post-arrest statement was given voluntarily, its use to impeach Silva's prior testimony did not constitute impermissible compulsion to testify. See United States v. Hoac, 990 F.2d 1099, 1104 (9th Cir.1992). Finally, admission of neither Silva's prior testimony nor the testimony regarding his post-arrest statement constituted impermissible comment on Silva's failure to testify at his second trial. See id. Accordingly, it was not plain error for the district court to admit Silva's prior testimony and post-arrest statement. See Hoac, 990 F.2d at 1104; Swacker, 628 F.2d at 1252-53.
 
 
 5
 Silva also contends that his counsel's failure to (1) object to the admission of his prior testimony and post-arrest statement and (2) move for severance or a mistrial constituted ineffective assistance of counsel. Although a plea of ineffective assistance of counsel is ordinarily brought in a collateral proceeding under 28 U.S.C. § 2252, where, as here, the record adequately sets forth the facts giving rise to the claim, we consider an ineffective assistance of counsel claim on direct appeal. See United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995). Because we find that there was no Fifth Amendment violation, failure to object was well within "the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 686 (1984); Quintero-Barraza, 78 F.3d at 1348. Further, because the post-arrest statement had already been admitted in the government's case-in-chief, counsel's failure to move for severance or a mistrial when it was reintroduced for impeachment purposes did not prejudice the outcome. See Strickland, 466 U.S. at 686, Quintero-Barraza, 78 F.3d at 1348. Accordingly, we deny Silva's ineffective assistance of counsel claim.
 
 
 6
 Finally, Silva contends that the district court erred by refusing to reduce his sentence for acceptance of responsibility. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, n. 5. Here, the district court identified several facts that were inconsistent with Silva's acceptance of responsibility. See United States v. Innie, 7 F.3d 840, 848 (9th Cir.1993). Accordingly, the district court's refusal to reduce Silva's sentence was not clearly erroneous. See id.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3